UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at GREENEVILLE

BRANDON S. STOUT )
)
v. ) No. 2:08-cv-154
) *Greer/Inman*
ESCO JARNIGAN, RON INMAN, )
FREDDIE KIMBROUGH, JAMES )
COFFEY, JIM BROOKS, MELISSA )
BULLINGTON, JODY REED, )
MELODY GREGORY, and JERRY )
ABSTON )

**MEMORANDUM and ORDER**

Acting *pro se*, Brandon S. Stout, brings this civil rights action pursuant to 42 U.S.C. § 1983, [Doc. 3], alleging primarily that the housing conditions in the Hamblen County jail are unconstitutional.[1] Plaintiff's application to proceed without prepayment of fees, [Doc. 1], is **GRANTED**.

*I. Facts*

In the "Statement of Claims" section of the complaint, plaintiff refers to paperwork attached thereto, containing the following list of purportedly wrongful conditions which, he asserts, defendants have allowed to exist:

---

[1] Plaintiff was a prisoner at the time he filed his complaint, but has since been released from confinement. [Doc. 4].

1. Standards prescribed by Tenn. Corrections Institute, Law number 21-4-140.

2. We are very overcrowded there are multiple people on the floor. People are being sent in with no mats. Law number 41-1-501.

3. We have no medical attention at all. The guards are checking the T.B. test which they have no medical experience. law numbers 41-1-408, 41-21-204, 41-4-138.

4. The guards are putting tobacco in there (sic) mouths while serving chow. We are served our drinks through the bars which causes paint chips to fall in our drinks. We are given a stairofoam (sic) cup to drink from and cannot get new ones until they wear out or break. Law number 41-21-203.

5. We get no sunlight or fresh air, we have went (sic) months before we have went (sic) outside.

6. We get no cleaning suplys (sic) so that we can clean our cells or anything else. Everything is caked up with mold and dirt. law numbers 41-21-203, 41-4-111.

7. The guards don't hand out our mail they give it to the inmates to pass out. They open all of our legal mail without us being present.

8. We get no care packages/indigent packages (stamps, soap, toothbrush, etc.).

Though plaintiff cites to what appears to be Tennessee statutes as authority for his claims, the Court infers that he is also alleging that the above described conditions (except Claim 7) violate the Eighth Amendment's Cruel and Unusual Punishments Clause. For these alleged encroachments upon his constitutional rights, plaintiff asks that these conditions be changed and that he be awarded compensatory damages in the amount

of $3,000 a day for every day he has been incarcerated in the Hamblen County jail.

## II. *Screening Under 28 U.S.C. §§ 1915A and 1915(e)*

Since plaintiff was a prisoner when this case was filed, the Court must review the complaint pursuant to 28 U.S.C. § 1915A and § 1915(e). Those code sections require the Court to *sua sponte* dismiss complaints filed by prisoners proceeding *in forma pauperis* upon a determination that they are frivolous, malicious, fail to state a claim upon which relief can be granted, or seek monetary damages from defendants who are immune from such relief. *See McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). In performing this task, however, the Court must bear in mind that *pro se* pleadings filed in civil rights cases are construed generously and held to a less stringent standard than formal pleadings drafted by lawyers. *McNeil v. United States,* 508 U.S. 106, 113 (1993); *Pilgrim v. Littlefield,* 92 F.3d 413, 416 (6th Cir. 1996).

A. **Requested Remedies**

1. *Injunctive relief*: Unfortunately for plaintiff, the Court cannot grant his request to require defendants to correct the claimed unconstitutional conditions at the jail. A prisoner's request for injunctive or declaratory relief against jail officials is rendered moot by his release from the correctional institution of which he complains. *See, e.g., Kensu v. Haigh*, 87 F.3d 172, 175 (6th Cir. 1996). This is what has happened here. Plaintiff has been released from the Hamblen County jail and could derive no benefit

from any improvement in the living conditions at that facility. Therefore, his claims for injunctive relief are now **MOOT**. *See Wirsching v. Colorado,* 360 F.3d 1191, 1196 (10th Cir. 2004) (After an inmate's release from prison, "the entry of a declaratory judgment [and injunctive relief] in [plaintiff's] favor would amount to nothing more than a declaration that he was wronged.").

2. *Monetary relief*: Plaintiff also asks the Court to grant him monetary damages, but he does not allege that he sustained any physical injury as a result of his exposure to the purported conditions. A prisoner may not bring a claim for emotional or mental damages absent a showing of prior physical injury. *See* 42 U.S.C. § 1997e(e). This provision applies to Eighth Amendment claims, such as plaintiff has asserted. *See Zehner v. Trigg*, 133 F.3d 459, 461 (7th Cir.1997). Here, plaintiff has claimed no injury and he cannot press his claims for damages under § 1997e(e).

B. **Standing**

Plaintiff has not indicated how these alleged deprivations or conditions have caused him personal injury. This failure implicates the standing doctrine, which derives from Article III's restriction of federal court jurisdiction to "cases and controversies." U.S. CONST. art. III, § 2, cl.1. To show that he has standing, a plaintiff must demonstrate three things: (1) an injury in fact or a harm that is "actual or imminent, not conjectural or hypothetical," (2) causation, and (3) redressability. *Whitmore v. Arkansas*, 495 U.S. 149, 155 (1990) (citations omitted).

4

Absent a plea of personal harm, plaintiff has failed to satisfy the first element[2] and the Court has already found that plaintiff cannot obtain compensatory damages or injunctive relief. Therefore, plaintiff has failed to show that he has standing to pursue the claims which allege harm to the general population of inmates but none specific to himself. *See ACLU v. Nat'l Sec. Agency*, 493 F.3d 644, 659 (6th Cir. 2007) (observing that the standing doctrine "applies to every claim sought to be litigated in federal court").

C. **Living Conditions (Claims 1-6, 8)**

"[T]he treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment." *Helling v. McKinney*, 509 U.S. 25, 31 (1993). Jail conditions which involve the wanton and unnecessary infliction of pain and result in the serious deprivation of basic human needs violate the Eighth Amendment. *Rhodes v. Chapman*, 452 U.S. 337, 346-47 (1981). Prison officials must provide humane conditions of confinement, including "adequate food, clothing,

---

[2] For example, in claim one, plaintiff invokes the standards of the Tennessee Corrections Institute, but he does not explain the contents of standards, indicate how they have been violated, or identify the ways in which those violations have affected him personally. In claim two, plaintiff suggests that the jail is overcrowded and that many people are sleeping on the floor without mats. He fails, however, to indicate that he is one of those people. Plaintiff, in claim three, complains that prisoners are provided no medical care whatsoever and that unqualified guards are monitoring the results of a test for tuberculosis which, impliedly, was given to inmates. Plaintiff does not indicate that he himself has a serious medical need or that he has been denied medical attention for that medical need. The same is true of the remaining claims: Plaintiff does not indicate how he personally has been affected by the alleged wrongful conditions

5

shelter, and medical care." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). An Eighth Amendment claim is composed of two parts: an objective component, which requires plaintiff to show a "sufficiently serious" deprivation (i.e., one that results in the denial of the minimal civilized measure of life's necessities) , and a subjective component, which requires a showing of a sufficiently culpable state of mind —one of deliberate indifference. *Id.*, at 834 and 842. Deliberate indifference is illustrated by a prison official who acts or fails to act despite knowledge of a substantial risk of serious harm to an inmate under his care. *Ibid*.

To satisfy the subjective component, a plaintiff must allege facts which, if true, would show that the official being sued subjectively perceived facts from which to infer a substantial risk to the prisoner, that he did in fact draw the inference, and that he then disregarded that risk. *Id.,* at 837. Plaintiff " bears the onerous burden of proving the official's subjective knowledge. . . . " *Comstock v. McCrary*, 273 F.3d 693, 703 (6th Cir. 2001).

Assuming, but not finding, that plaintiff's allegations satisfy the objective element of a confinement conditions claim, he has made no contentions of fact tying defendants to the alleged unconstitutional conditions, and, without some factual nexus between the alleged improper conditions and each defendant, there is nothing from which to infer the state-of-mind element of an Eighth Amendment claim. Absent any contention that these defendants knew about and disregarded a substantially serious risk posed by plaintiff's

6

housing conditions, he has failed to satisfy the "deliberate indifference" element of an Eighth Amendment claim.

C. **Legal Mail (Claim 7)**

Plaintiff's seventh claim is that inmates, rather than guards, pass out the prisoners' mail and that "they" open legal mail outside the presence of the inmate addressee. It is unclear, initially, as to whether plaintiff is contending that the inmates who hand out the legal mail are opening it or that it is the guards who are the culprits. At any rate, plaintiff once again has not asserted that *his* legal mail has been opened or provided any other particulars involving these alleged misdeeds. Thus, he not only has failed to assert any resulting personal harm, which means that he lacks standing to raise the claim, but he has also failed to offer any specifics to flesh out his claim, rendering it conclusory. Allegations which lack the necessary factual support are conclusory. A court is not required to conjure up facts not pled to support conclusory allegations. *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 437 (6th Cir. 1988). Conclusory contentions such as these do not state a claim for relief. *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987).

C. **Other Claims**

In plaintiff's notice advising the Court that his address had changed, [Doc. 4], he asserts two additional claims. First, plaintiff contends that he was confined past his flat date and that, but for the help of his friends, he would have remained in the Hamblen

7

County jail. However, there are no contentions of fact to shore up this claim, such as the length of the sentence imposed upon plaintiff, the expiration date of his sentence, or any other data regarding the term of imprisonment. Therefore, this claim too is conclusory, and, as the previous discussion indicates, conclusory contentions fail to state a claim for relief. *Id.*

Plaintiff's second claim, in the notice, is that he did not receive, upon his release from jail, the sum of seventy-five dollars, to which he was entitled under state law. This matter is not of constitutional concern, but one of state law, as is indicated by plaintiff's reference to "book 7-A, law number 41-21-219."

### III. *Conclusion*

For all these reasons, plaintiff's suit will be dismissed for failure to state a claim entitling him to relief under 42 U.S.C. § 1983.

A separate judgment will enter.


**ENTER**:

s/J. RONNIE GREER<br>UNITED STATES DISTRICT JUDGE